UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
PAUL CONNORS,

                Plaintiff,

  -against-

AMOREPACIFIC US, INC., INSPERITY
PEO SERVICES, L.P., RAYMOND
KYUNGKOOK KIM, and JAE KYUNG
SHIM,

               Defendants.
---------------------------------------------------------X

**ORDER**

21-CV-4953 (JGK)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      By a letter, Docket Entry No. 23, the plaintiff contends that defendant Amorepacific US, Inc. ("Amorepacific US") has failed to comply with its discovery obligations pursuant to Local Civil Rule 26.1of this court, Federal Rule of Civil Procedure 26(a)(1)(A), and Part 3(3)(c) of the Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("Initial Discovery Protocols"), by not providing to the plaintiff the current addresses of defendants Raymond Kyungkook Kim ("Kim") and Jae Kyung Shim ("Shim"). According to the plaintiff, Kim and Shim worked for Amorepacific US at the time of the events giving rise to the lawsuit but have since returned to South Korea. The plaintiff contends that because Kim and Shim are now employed by a parent company of Amorepacific US, "it is well-settled that their current addresses are within Amorepacific US's possession."

      Amorepacific US contends, through a letter appearing at Docket Entry No. 25, that it has complied with its obligations with respect to Kim and Shim's respective addresses by providing the last known addresses of Kim and Shim in its possession. According to Amorepacific US, "[u]pon information and belief," Kim and Shim are employed by nonparty AMOREPACIFIC

1

Corporation, which is "a foreign corporation based in Korea" and "a separate and distinct legal entity" from Amorepacific US.

Part 3(3)(c) of the Initial Discovery Protocols requires a defendant, within 30 days after the filing of a responsive pleading or motion, to "identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit." The Initial Discovery Protocols define "identify" as giving a person's "(i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant." Fed. R. Civ. P. 26(a)(1) requires a party to provide as part of its initial disclosures the "name, and, if known, the address and telephone number of each individual likely to have discoverable information."

Based on Amorepacific US's representations in Docket Entry No. 25, it has complied with the Initial Discovery Protocols and Fed. R. Civ. P. 26(a)(1) by providing to the plaintiff, on July 22, 2021, the last known addresses in its possession for Shim and Kim. The plaintiff provides no support for its assertion that Amorepacific US is in possession of Kim and Shim's addresses because Kim and Shim are employed by a parent company of Amorepacific US that is a separate foreign corporation and not a party to this action. Local Civil Rule 26.1 does not apply to this dispute, as it requires a party, upon a demand, to furnish to another party certain information about itself, not information regarding third parties.

For the foregoing reasons, the plaintiff's letter motion for a pre-motion conference,

Docket Entry No. 23, is denied.

Dated: August 23, 2021  SO ORDERED:
       New York, New York

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE